1  John K. Park, State Bar No. 175212
2  park@parklaw.com
   Katherine L. Quigley, State Bar No. 258212
3  klquigley@parklaw.com
4  PARK LAW FIRM
   3255 Wilshire Boulevard, Suite 1110
5  Los Angeles, CA 90010
6  Tel: 213-389-3777 Fax: 213-389-3377

7  Attorneys for Plaintiff,
8  EUGENE EMERSON

9  John S. Artz, Esq. (*pro hac vice*)
10 jsartz@dickinsonwright.com
   DICKINSON WRIGHT PLLC
11 38525 Woodward Ave., Suite 2000
12 Bloomfield Hills, MI 48304
   Telephone: (248) 433-7200
13 Facsimile: (248) 433-7274

14
   Attorneys for DEFENDANT
15 AFFINITY TOOL WORKS, LLC

16          IN THE UNITED STATES DISTRICT COURT
17
      FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
18

19

| | |
|---|---|
| 20 EUGENE EMERSON, an individual,<br><br>21<br><br>22          Plaintiff,<br><br>23          v.<br><br>24<br>AFFINITY TOOL WORKS, L.L.C., a<br>25 Michigan L.L.C. and Does 1 through 20<br>26 inclusive,<br><br>27          Defendants.<br>28 | CIVIL CASE NO. SACV10-<br>01448-CJC(PJWx)<br><br>**STIPULATED PROTECTIVE<br>ORDER AND PROTECTIVE<br>ORDER**<br>Honorable Cormac J. Carney |

1    **IT IS HEREBY STIPULATED** by the undersigned parties, Plaintiff Eugene
2    Emerson ("Emerson" or "Plaintiff") and Defendant Affinity Tool Works, L.L.C.
3    ("Defendant"), through their respective counsel and subject to the approval of
4    the Court, that a Protective Order be issued in this action regarding certain
5    documents and information produced during discovery. The parties hereto
6    intend to, and expect that both parties and non-parties to this litigation will
7    produce documents, respond to written discovery (including but not limited
8    to responses to interrogatories, requests for production, and requests for
9    production of documents) and provide certain testimony which may contain
10   or constitute highly confidential, non-public information, or which may
11   constitute trade secrets. The parties desire that such confidential material be
12   protected by virtue of designating such material as confidential and
13   restricting its dissemination.

14                    **GOOD CAUSE STATEMENT**

15       It is the intent of the parties and the Court that confidential materials
16   will not be designated as protected information for tactical reasons in this
17   case and that nothing will be so designated without a good faith belief that
18   there is good cause why it should not be part of the public record of this case.

19       Confidential information that the parties may seek to protect from
20   unrestricted or unprotected disclosure includes confidential information
21   qualifying as trade secrets pursuant to California Civil Code § 3426.1;
22   confidential information regarding design, development, licensing, and/or
23   manufacturing; confidential customer lists and information from which a
24   confidential customer list may be derived; confidential information regarding
25   the finances of a privately-held company; confidential information regarding
26   costs, sales, pricing, revenue, and profits; personal and private information,
27   including tax returns; and other sensitive commercial or personal information

28                              1

having a similar degree of confidentiality and value to the Producing Party similar to that of the foregoing.

## I.   DEFINITIONS

1.   As used in this Protective Order,

a. "Designating Party" means any Person who designates Material as Confidential Material.

b. "Discovering Counsel" means counsel of record for a Discovering Party.

c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d. "Confidential Material" means any material designated as "CONFIDENTIAL" or, where appropriate, "ATTORNEYS' EYES ONLY," in accordance with the terms of this Protective Order.

e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party, or Non-Party, before or after the date of this Protective Order.

f. "Non-Party" refers to a Person who is not a Party.

g. "Party" and "Parties" refers to any party to this action or all of them.

h.  "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

i. "Producing Party" means any Person who Provides Material during the course of this action.

2

j.  "Provide" means to produce any Material, whether pursuant to request or process, including but not limited to producing documents, producing data, providing information in response to interrogatories and responding to questions at deposition.

**II.   CONFIDENTIAL DESIGNATION**

2.   A Producing Party may designate as "CONFIDENTIAL" any Material Provided to a Party which contains or discloses any of the following:

a.  Material that is considered in good faith by the Designating Party to constitute a trade secret pursuant to California Civil Code § 3426.1; confidential information regarding design, development, licensing, and/or manufacturing; confidential customer lists and information from which a confidential customer list may be derived; confidential information regarding the finances of a privately-held company; confidential information regarding costs, sales, pricing, revenue, and profits; personal and private information, including tax returns; or other sensitive commercial or personal information having a similar degree of confidentiality and value to the Producing Party; and

b.  Material that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

3.  A Producing Party may designate as "ATTORNEYS' EYES ONLY" Material that the Producing Party in good faith believes contains or discloses Material of an extremely high degree of current commercial

3

sensitivity that would provide a competitive advantage to a
Discovering Party if disclosed to it ("the Good Faith Belief
Requirement"), including but not limited to the following, which may
be designated as "ATTORNEYS' EYES ONLY" Material if the Producing
Party meets the Good Faith Belief Requirement: Any Materials
Provided that the Producing Party reasonably believes in good faith
to contain source code; nonpublic patent applications or related
things and documents; technical research and development
information; revenue share or confidential pricing information;
confidential commercial, material or other non-public terms in
business agreements with third parties; competitive business
strategies and forward-looking business plans, including
identification of targets for potential investments, marketing plans,
forecasts, and financial performance parameters; market share and
revenue projections; valuation of investments or potential
investments (including licensing agreements, equity investments and
acquisitions); due diligence materials related to investments or
potential investments (including licensing agreements, equity
investments and acquisitions); nonpublic concepts and plans for new
entertainment programming; personally identifying information
concerning users (which shall not be construed to include any
information a user posts or uploads for public viewing on any website);
advertising rates (e.g., cost per mile, click, or action); proprietary
information regarding web site traffic; or commercially sensitive database
schemas, may be designated HIGHLY CONFIDENTIAL by the
producing party or a party who is the original source of the document or
information.

4

4. A Producing Party shall stamp as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Material that the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraphs 2 and 3 of this Stipulated Protective Order. A Producing Party may designate Confidential Material for protection under this order by either of the following methods:

    a. By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL

or

ATTORNEYS' EYES ONLY

    b. By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such Materials beginning on the date that the Producing Party makes such designation.

5

c. The designation of documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application, to file documents under seal, must comply with Local Rule 79-5.

d. Inadvertent failure to designate Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Stipulated Protective Order shall not operate as waiver of the Party's right to subsequently designate such Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

e. Non-Parties who produce Material in connection with this action, whether in response to a subpoena or otherwise, may produce such Material under the protections afforded by this Stipulated Protective Order by complying with its provisions.

## III.   RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

5.   Confidential Material designated as "CONFIDENTIAL" shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in Paragraph 8 of this Stipulated Protective Order and other than in accordance with the terms, conditions and restrictions of this Stipulated Protective Order. Confidential Material designated as "ATTORNEYS' EYES ONLY" shall not be disclosed, nor shall its contents be disclosed to any Person other than those described in Paragraph 9 of this Stipulated Protective Order. To the extent that Confidential Material is or becomes known to the public through no fault of the Discovering Party, such Confidential Material shall no longer be subject to the terms of this Stipulated Protective Order.

6.    Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 8 or 9 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

7.    All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 8 or 9 of this Protective Order.

8.    For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Stipulated Protective Order, Discovering Counsel may disclose Material designated as "CONFIDENTIAL," and the contents of Material designated as "CONFIDENTIAL," only to the following persons:

   a. Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, members, associates, of-counsel, paralegals, assistants, secretaries, and clerical staff;

   b. Parties, including those officers, directors or employees of the Parties to this litigation, including their parents, subsidiaries, affiliates and insurers, who are reasonably necessary to assist counsel in this litigation;

   c. Court and deposition reporters and their staff;

   d. The Court and any Person employed by the Court whose duties require access to Material designated as "CONFIDENTIAL;"

   e. Non-Party experts and consultants assisting counsel with respect to

7

this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action;

f. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

g. Any Person identified on the face of any such Material designated as "CONFIDENTIAL" as an author or recipient thereof;

h. Any Person who is determined to have been an author and/or previous recipient of the Material designated as "CONFIDENTIAL," but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as "CONFIDENTIAL" by such Person;

i. A witness at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a Party legitimately believes has knowledge of the contents of the Material designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the Material, and upon the witness being advised of the need and agreeing to keep the Material confidential;

j. Mediators; and

k. Any Person who the Parties agree in writing may receive Material designated as "CONFIDENTIAL."

The Parties shall make a good faith effort to limit dissemination of Material designated as "CONFIDENTIAL" within these categories to Persons who have a reasonable need for access thereto.

9.      For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Stipulated Protective Order, the Discovering Counsel may disclose Material designated as

8

"ATTORNEYS' EYES ONLY," and the contents of Material so designated, only to the following persons:

   a.  Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, members, associates, of-counsel, paralegals, assistants, secretarial, and clerical staff;

   b.  Court and deposition reporters and their staff;

   c.  The Court and any person employed by the Court whose duties require access to Material designated as "ATTORNEYS' EYES ONLY;"

   d.  Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action;

   e.  Any Person identified on the face of any such Material designated as "ATTORNEYS' EYES ONLY" as an author or recipient thereof;

   f.  Any Person who is determined to have been an author and/or previous recipient of the Material designated as "ATTORNEYS' EYES ONLY," but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as "ATTORNEYS' EYES ONLY" by such Person; and

   g.  Any Person who the Parties agree in writing may receive Material designated as "ATTORNEYS' EYES ONLY."

The Parties shall make a good faith effort to limit dissemination of Material designated as "ATTORNEYS' EYES ONLY" within these categories to Persons who have a reasonable need for access thereto.

9

## IV. UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

10.     Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(b) or (e), or 9(d) above, the Person to whom disclosure is to be made shall receive a copy of this Stipulated Protective Order, shall read it, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Stipulated Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Stipulated Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 8(b) or (e), or 9(d) to whom Discovering Counsel discloses Confidential Material. A copy of the signed Undertaking shall be served on all Producing Parties in this action upon request.

The Discovering Party shall take reasonable steps to ensure that Persons signing the Undertaking observe the terms of this Stipulated Protective Order.

## V. DEPOSITIONS

11.     Those portions of depositions taken by any Party at which any Material designated as "CONFIDENTIAL" is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 8 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated "ATTORNEYS' EYES ONLY" is used or inquired into, only those persons authorized under Paragraph 9 to view such Materials may be present.

10

12.     Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Stipulated Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential Material within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material, unless the exhibit was previously marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." For purposes of this paragraph, this Stipulated Protective Order shall be deemed "effective" on the date it has been executed by all counsel for the Parties.

13.     When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance

11

with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VI.   OBJECTIONS TO DESIGNATION

14. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Designating Party shall meet and confer under Local Rule 37-1 in good faith with the Party challenging the designation in an attempt to resolve such dispute. If the dispute is not resolved, the Designating Party must file a motion under Local Rule 37 to uphold the designation of the Material in question within 10 days of the meet and confer. Pending resolution of any such motion, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why

12

the Joint Stipulation or portions thereof should be filed under seal.

## VII.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

15.   If a Party inadvertently Produces Material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, the Party may retrieve such information as follows:

    a.   Within five (5) court days of the date of discovery by the Party of the inadvertent production by it, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the Material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

    b.   Upon receipt of such notice, any Party who has received the subject Material shall promptly return all copies to the Party asserting inadvertent production. In the event that only part of any Material is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the Material a redacted copy of such Material, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

    c.   Any Party who has received the subject Material may contest the claim of privilege or inadvertence by filing a motion contesting the claim within ten (10) court days of receiving the notice under subparagraph (a) above. During the pendency of such motion, the receiving Party need not return all copies of the subject Material to

1        the Party asserting inadvertent production; however, the receiving

2        Party may not use or disclose the Material for any purpose other

3        than prosecution of the motion challenging the privilege or

4        protection claim.

5    d.  The provisions of the above subparagraphs are without prejudice to

6        any other rights that any Party may have with respect to

7        challenging or defending any claim of privilege. However, the

8        inadvertent disclosure or production of any such privileged

9        Material shall not be deemed a waiver of that privilege, or to

10       preclude reliance on that privilege.

11

12   **VIII.   RETURN OF MATERIAL UPON TERMINATION OF**

13   **LAWSUIT**

14   16.  Within sixty (60) calendar days after the final settlement or

15       termination of this action, Discovering Counsel shall return or destroy

16       (at the option and expense of Discovering Counsel) all Confidential

17       Materials provided by a Producing Party and all copies thereof except

18       to the extent that any of the foregoing includes or reflects Discovering

19       Counsel's work product, and except to the extent that such Material

20       has been filed with a court. In addition, with respect to any such

21       retained work product and unless otherwise agreed to, at the

22       conclusion of this action, counsel for each Party shall store in a secure

23       area all work product which embodies Confidential Material together

24       with all of the signed undertakings they are required to preserve

25       pursuant to Paragraph 10 above, and shall not make use of such

26       Confidential Material except in connection with any action arising

27       directly out of these actions, or pursuant to a court order for good

28

14

cause shown. The obligation of this Stipulated Protective Order shall survive the termination of this action. This obligation, however, would be obviated should Discovering Counsel destroy such retained work product and signed undertakings. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## IX.   SCOPE OF THIS ORDER

17.   Not later than twenty days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

18.   Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California or other applicable law; (b) to seek to modify or obtain relief from any aspect of this Stipulated Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Stipulated Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

19.   Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

20.   This Stipulated Protective Order shall not preclude any Person from

15

waiving the applicability of this Stipulated Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

21.   The restrictions set out in the Stipulated Protective Order shall not apply to any Material which:

   a.   At the time it is Provided is available to the public;

   b.   After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

   c.   The Discovering Party can show was already known to the Discovering Party independently of receipt of the Confidential Material from the Producing Party in this litigation.

22.   If at any time any Material protected by this Stipulated Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER
SACV 10-01448-CJC(PJWX)

1  **X.     NO LIMITATION ON PROVIDING ADVICE TO CLIENT**

2      23.    This Stipulated Protective Order shall not bar any attorney herein in

3            the course of rendering advice to his or her client with respect to this

4            litigation from conveying to any Party his or her evaluation in a

5            general way of "CONFIDENTIAL" or "ATTORNEYS' EYES

6            ONLY" material produced or exchanged herein; provided, however,

7            that in rendering such advice and otherwise communicating with his

8            or her Party client, the attorney shall not disclose the specific contents

9            of such material, which disclosure would be contrary to the terms of

10           this Stipulated Protective Order.

11

12  **XI.    SUBMISSION TO COURT**

13      24.    The Parties agree to submit this Stipulated Protective Order to the

14            Court for adoption as an order of the Court. The parties further agree

15            to be bound by this Stipulated Protective Order in advance of a Court

16            order adopting a Stipulated Protective Order. The Parties reserve the

17            right to seek, upon good cause, modification of this Stipulated

18            Protective Order by the Court.

17

IT IS SO STIPULATED.

Dated: February 4, 2011                    PARK LAW FIRM

                              By:    _____/s/_____
                                     Katherine L. Quigley
                                     3255 Wilshire Blvd., Suite 1110
                                     Los Angeles, CA 90010
                                     Telephone: (213) 389-3777
                                     Facsimile:  (213) 389-3377

                                     Attorneys for PLAINTIFF
                                     EUGENE EMERSON


Dated: February 4, 2011            FULWIDER PATTON LLP

                              By:    _____/s/_____
                                     John S. Artz, Esq. (pro hac vice)
                                     DICKINSON WRIGHT PLLC
                                     38525 Woodward Ave., Suite 2000
                                     Bloomfield Hills, MI 48304
                                     Telephone: (248) 433-7200
                                     Facsimile: (248) 433-7274
                                     jsartz@dickinsonwright.com

                                     Vern Schooley
                                     Scott R. Hansen
                                     FULWIDER PATTON LLP
                                     Howard Hughes Center
                                     6060 Center Drive, Tenth Floor
                                     Los Angeles, California 90045
                                     Telephone: (310) 824-5555
                                     Facsimile: (310) 824-9696
                                     vschooley@fulpat.com

                                     Attorneys for DEFENDANT
                                     AFFINITY TOOL WORKS, LLC

18

1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10   FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
11
12

| | |
|---|---|
| EUGENE EMERSON, an individual, | )  CIVIL CASE NO. SACV10-<br>)  01448-CJC(PJWx) |
| Plaintiff, | )<br>)  ~~[PROPOSED]~~ **ORDER ON** |
| v. | )  **STIPULATED PROTECTIVE**<br>)  **ORDER** |
| AFFINITY TOOL WORKS, L.L.C., a<br>Michigan L.L.C. and Does 1 through 20<br>inclusive, | )<br>)  Honorable Cormac J. Carney<br>)<br>) |
| Defendants. | ) |

21
22
23
24
25
26
27
28

~~[PROPOSED]~~ ORDER
SACV 10-01448-CJC(PJWX)

1        The Court, having considered the parties' Stipulated Joint Protective Order,

2  and good cause appearing therefore, hereby orders that the provisions of said

3  Stipulated Joint Protective Order are approved, adopted and incorporated by this

4  reference, and the same shall constitute the Protective Order of this Court.

5        IT IS SO ORDERED.

6

7  Dated: 2/9/11

8                             Honorable Patrick J. Walsh

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11
12

13  EUGENE EMERSON, an individual,

14              Plaintiff,

15

16          v.

17  AFFINITY TOOL WORKS, L.L.C., a
18  Michigan L.L.C. and Does 1 through 20
    inclusive,
19
20              Defendants.

| CIVIL CASE NO. SACV10-01448-CJC(PJWx) |
|---|
| **ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER** |
| Honorable Cormac J. Carney |

21
22
23
24
25
26
27
28

ACKNOWLEDGEMENT
SACV 10-01448-CJC(PJWX)

ACKNOWLEDGEMENT OF _____

PURSUANT TO PARAGRAPH 10 OF STIPULATED PROTECTIVE ORDER

    I, _____, having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

    1.    I have read and understand the contents of the STIPULATED PROTECTIVE ORDER agreed to by the parties and signed by the United States District Judge in this matter.

    2.    I am a recipient under Paragraph 10 of the STIPULATED PROTECTIVE ORDER authorized to receive "Confidential" information. I have executed this Declaration and have agreed to observe the conditions provided in the STIPULATED PROTECTIVE ORDER prior to any disclosure to me of any item designated under the STIPULATED PROTECTIVE ORDER.

    3.    I expressly agree that:

        a. I have read and shall be fully bound by the terms of the STIPULATED PROTECTIVE ORDER and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this STIPULATED PROPTECTIVE ORDER to any person or entity except in strict compliance with the provisions of this Order;

        b. All items that are disclosed to me under the STIPULATED PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the joint protective order;

1

c. I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the STIPULATED PROTECTIVE ORDER;

d. I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the STIPULATED PROTECTIVE ORDER; and

e. I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and shall destroy any notes or memoranda I have that concern such items.

4.    I do and shall subject myself to the continuing jurisdiction of the above-captioned court over my person, wherever I shall be found, for purposes of enforcement of the STIPULATED PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ at _____, _____

Name: _____

Title: _____

2

ACKNOWLEDGEMENT
SACV 10-01448-CJC(PJWX)