John K. Park, State Bar No. 175212
park@parklaw.com
Katherine L. Quigley, State Bar No. 258212
klquigley@parklaw.com
PARK LAW FIRM
3255 Wilshire Boulevard, Suite 1110
Los Angeles, CA 90010
Tel: 213-389-3777 Fax: 213-389-3377

Attorneys for Plaintiff,
EUGENE EMERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| EUGENE EMERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AFFINITY TOOL WORKS, L.L.C., a Michigan L.L.C. and Does 1 through 20 inclusive,<br><br>Defendants. | CASE NO. SACV10-01448-CJC(PJWx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Honorable Cormac J. Carney |

Plaintiff Eugene Emerson ("Emerson") and Defendant Affinity Tool Works, L.L.C. ("Affinity") having settled this case and stipulated to entry of this Consent Judgment and Permanent Injunction, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This is an action for patent infringement, arising under the patent laws of the United States, Title 35, United States Code.

1

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a), and 1391. This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. § 1400(b).

3. Plaintiff Emerson is a California resident residing at 14116 High Street, Whittier, CA 90605.

4. Defendant Affinity, is a Michigan limited liability company, having its principal place of business at 1161 Rankin Ave., Troy MI 48083.

5. Emerson is the owner of all right, title, and interest in United States Patent Nos. 6,622,997 and 7,484,306 (collectively, the "Patents in Suit").

6. As part of its stipulation to this Consent Judgment, Affinity has waived the right to contest, directly or indirectly, the validity or enforceability of the Patents in Suit, subject to the exceptions set forth herein. Affinity has also hereby waived the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the Patents in Suit are invalid or unenforceable, subject to the exceptions set forth herein. Affinity has also hereby waived the right to directly or indirectly aid, assist or participate in any proceeding contesting the validity or enforceability of the Patents in Suit, subject to the exceptions set forth herein. Affinity may challenge the validity and/or enforceability of the Patents in Suit in any Court, in the United States Patent and Trademark Office or in any other forum, in the event Emerson, any successor of Emerson or any licensee brings or threatens an action against Affinity for infringement of either of the Patents in Suit so long as the infringement allegations are not a result of Affinity's manufacture and/or sale of the BORA WIDE TRACK CLAMP EDGE, as defined below.

7. Defendant Affinity and its officers, directors, agents, servants, employees, attorneys, confederates, and all persons and entities acting for, with, by, through, or in concert and participation with them (collectively, "Related Parties"), are hereby

permanently enjoined, subject to the other provisions herein, from making, using, selling, offering for sale, importing or distributing any of the following devices:

a) All devices previously marketed under the name BORA WIDE TRACK CLAMP EDGE ("the OLD BORA WIDE TRACK CLAMP EDGE" device), including, without limitation, all devices depicted in Exhibit A to this Judgment;

b) Any device that is not more than colorably different from any of the foregoing; and

c) Any device that infringes a valid and enforceable claim of either of the Patents in Suit;

This restriction does not apply to any devices as depicted in Exhibit B ("the new BORA WIDE TRACK CLAMP EDGE" device ) or Exhibit C to this Judgment (the existing "BORA CLAMP EDGE" device) to this Judgment.

8. Defendant Affinity and its Related Parties are hereby permanently enjoined from inducing or contributing to infringement of the Patents in Suit, subject to the exceptions herein. Defendant Affinity and its Related Parties shall not encourage, induce, or assist anyone to make, use, offer to sell, sell, or import any devices as set forth in Sub-Paragraphs 7a)-c) of this Judgment and shall not make, use, offer to sell, sell, or import any device, product, or accessory that has no substantial use apart except in conjunction with a device as set forth in Sub-Paragraphs 7a)-c).

9. However, during the period from April 30, 2011 to August 31, 2011, Affinity shall be permitted to sell off up to 2500 units of the old BORA WIDE TRACK CLAMP EDGE devices.

10. No later than August 31, 2011, Affinity shall provide to Emerson an affidavit, signed on behalf of Affinity under penalty of perjury, certifying that Affinity ceased all marketing and promotion of Accused Devices no later than August 31, 2011.

11. The injunction set forth in Paragraphs 7 and 8 of this Judgment shall remain in effect until the expiration of the last to expire of the Patents in Suit. However, if either patent is adjudged to be invalid or unenforceable, the injunction shall still be in effect with regards to the remaining valid Patent in Suit until its expiration unless it is also adjudged to be invalid or unenforceable.  In other words, if any claim of either of the Patents in Suit is found to be invalid or unenforceable by a Court or the Patent Office and that determination becomes final and unappealable, the injunction set forth in Paragraphs 7 and 8 will no longer apply to that invalid or unenforceable claim.

12. Service by mail upon Affinity, addressed to John S. Artz, DICKINSON WRIGHT PLLC, 38525 Woodward Avenue Suite 2000, Bloomfield Hills, MI 48304, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice under Federal Rule of Civil Procedure 65. It shall not be necessary for Defendant Affinity to sign any form of acknowledgement of service, for service to be complete.

13. Affinity voluntarily relinquishes its rights to appeal this Judgment, or to challenge it in this Court or elsewhere, including in any subsequent legal proceeding.

14. This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment.

15. Except as provided for above, all claims and counterclaims in the above action are hereby dismissed with prejudice.

///

16. The parties shall bear their own attorneys' fees and costs.

| | | |
|---|---|---|
| 1 | | |
| 2 | **IT IS SO ORDERED**: | |
| 3 | Dated: July 20, 2011 | By: _____ |
| 4 | | Honorable Cormac J. Carney |
| 5 | | United States District Judge |